## FLORENCE GAUDIO
vs.
## MICHELE CRISCIO, ET AL.

Superior Court      New Haven County      File #46274

Present:  Hon. EDWIN C. DICKENSON, Judge.

| George R. Tiernan,<br>James F. Fahy, | Attorneys for the Plaintiff. |
|---|---|
| W. F. McKenna,<br>A. D. De Lucia, | Attorneys for the Defendant. |

**MEMORANDUM FILED NOVEMBER 9, 1935.**

DICKENSON, J.  The plaintiff was injured in stepping from a concrete platform at the bottom of a flight of stairs

leading from the second story of a two-story house to the backyard. She was a guest of the tenant of the second floor apartment.

That the platform was under the control of the defendant owners can hardly be disputed in spite of the denial in the answer. It not only served as a base for the stairs but it was necessary to go over it in order to get out of the common backyard onto the street through a gate which the defendants kept locked. Further, it appears they lighted or attempted to light it by a fixture on the ceiling of their first floor porch. It is found they were responsible for its condition.

Zuilkowski vs. Kolodziej, 119 Conn., 230; Perkel vs. Grayson, 119 Conn., 465.

The plaintiff's hostess went down the stairs to go to her cellar which she had to enter from the backyard. The plaintiff volunteered to accompany her and followed her down the flight to the platform, her right hand on the rail. The defendant's porch light was not on and it was dark. The plaintiff had been down the flight some four times previously but had not been down the two steps leading from the platform to the yard. When she reached the platform on this occasion she thought there was but a single step to the ground. She claims to have taken one step down from the platform and then thinking she was on the ground stepped off into space. She still held to the rail or rather the post at the foot of it, and in consequence, swung around, her face striking the girder supporting the flight of steps.

Upon the question of contributory negligence it was not negligence as a matter of law, for her hostess to go down the unlighted stairs and it would seem the same would be true of the invitee.

Burk vs. Corrado, 116 Conn., 511.

Nor, considered as a question of fact can it be found to be negligence. Her purpose was to give her girl friend company, she proceeded down the flight holding onto the rail and safely arrived at the platform. She must have had some knowledge of the relation of the platform to the yard for she thought the yard was but a step down and yet held to the post. But a reasonably prudent person would not have guessed or assumed a fact to which she was a stranger. Not knowing whether there were two steps or one and not being familiar

with the layout common caution required her to at least "feel" with the other foot before stepping out into the "pitch" dark as she describes it. It can hardly be called a mistake in judgment. She had not the facts upon which to base a judgment she assumed without knowledge and without attempting to find out, that she was on the ground.

As to the defendant's conduct, as has been said, they realized the necessity of a light and had a fixture made for one that lit would light the steps down from the platform. The light was not lit on this occasion. There is no evidence how long it had been out or that it had been out at any other time. The defendant indeed contends it was lit at this time and on every evening after dark until ten o'clock and after, nor is this contradicted except as to the particular occasion. It is found it was their duty to provide a light in view of the fact that the place was under their control and a light was necessary for the tenant in passing from the platform to the cellar door. But it does not follow they were negligent because it was not lit at the time. Their duty was to use reasonable care to see that their premises were reasonably safe. They were not insurers of the tenant's safety or that of her guest.

In view of the undisputed testimony that they regularly lighted the light and lighted it that evening and the absence of evidence as to how long it had been out at the time of the fall, or that they had notice that it was out it is found they were not negligent. **Iudica vs. DeNezzo, 115 Conn. 233.** While the above cited case arose out of a statutory requirement of lighting and the instant case is based upon a common law duty the rule applied is the common law rule "reasonable care" to keep the lights lit.

The issues are found for the defendants and judgment is directed for them.