### ERVIN J. FRIEDE
(Receiver Trustee)
vs.
### HENRY A. JENNINGS
(Individually and as Administrator)

Superior Court  Fairfield County  File #51261

Present: Hon. ARTHUR F. ELLS, Judge.

Wells, Davis, Schaefer & Locke, Attorneys for the Plaintiff.

Pullman & Comley,   Attorneys for the Defendant.

MEMORANDUM FILED JANUARY 2, 1937. 121 Conn. 220

ELLS, J. The Southern Minnesota Joint Stock Land Bank of Minneapolis is a corporation organized and existing under an Act of Congress.

On May 2nd, 1932, the Federal Farm Loan Board declared this bank to be insolvent, and Ervin J. Friede is the substituted receiver.

On July 28, 1932, an action was begun in a Federal Court in Minnesota against the Receiver and all the stockholders, and judgment was later entered levying an assessment on all stockholders, and conferring upon the receiver power and authority to sue all stockholders upon this assessment, including those not personally served, and in any state where they resided.

It is alleged that in said action this defendant "was given due and adequate notice of the pendency of said action and opportunity to appear and to be heard therein and defend thereunto."

This is an action by the receiver based on the Federal Court judgment, against a resident of Connecticut who was not personally served in the Federal suit, but had the notice above referred to.

The defendant demurs (a) because it does not appear that the defendant was personally served in Minnesota, or that he owned estate there, or that he appeared in the action; (b) because the plaintiff has not been appointed Receiver-Trustee in Connecticut, nor has an assessment been levied in Connecticut; (c) that the Farm Loan Act does not vest this trustee with power to sue in a foreign jurisdiction; (d) that it does not appear that an 100% assessment was due.

Two important and perplexing questions are thus raised. The decisions of the various State and Federal courts are confused and conflicting, and they lend little aid toward arriving at a correct conclusion. In such situations, the search must be to discover sound general principles of law; and having found them, the endeavor must be to follow the trail which they blaze, out of the wilderness and into the light of reason.

The first question is whether the Federal judgment in so far as it confers authority to sue, is binding upon this Connecticut defendant.

The defendant begins his attack by pointing out that the various Connecticut cases allowing recovery under apparently similar circumstances relied upon Statutes of the state of incorporation, which specifically provided for an assessment, vested title in the receiver and outlined procedure to determine liability.

From our own decisions and those of the Federal Courts there emerges this principle,—that where the statutes of the state of incorporation impose liability for assessment, and vest title in the collecting authority, and provide the ways and means of enforcement, a successful action will lie against any stockholder, wherever resident. This easily leads to the general statement that in all other cases there will be no liability. An eminent scholar has said "All general statements are untrue—including this one". So let us examine the facts and ascertain whether they bring this case within the principle, and if not, whether the general statement is subject to exceptions, and whether this is one of them.

The governing statutes are the various acts of Congress constituting the Federal Farm Loan Act. They do not contain any direct statements conferring this power. But the Supreme Judicial Court of Massachusetts in dealing with this precise question found the statutory mandate in the fact that "members of such corporations, as well as the corporations themselves, are within the jurisdiction of the local court **so far as it is necessary for the determination of the rights and liabilities of the corporations and its members among themselves.**" It seems to me that the underlined clause is the solution of the problem. The question is not whether it had jurisdiction to render a money judgment against this defendant, but whether it had jurisdiction to make a determination binding upon all stockholders as to the percentage of par value of the stock which must be paid by stockholders to accomplish the statutory mandate that stockholders shall be liable equally and rateably, and not one for another, to the amount of their stock for the bank's debts.

The Minnesota court did not, and could not make Jennings a judgment debtor; did not and could not render a money judgment against him. It merely determined the liability of the bank and whether an assessment on the stockholders was necessary. Such a bill in equity is the likely and necessary

way of reaching the result provided for by the Statutes.

Counsel for the plaintiff dismisses the Massachusetts case with the assertion that it is poorly reasoned, and relies almost entirely upon a statement of Mr. Justice Holmes in **Wheeler vs. Greene 280 U. S. 49.** The decision of the United States Supreme Court speaking through Justice Holmes is indeed controlling authority. But instead of supporting the defendant's contention, it annihilates it. In that case suit was brought to collect an assessment levied by the Federal Farm Loan **Board** "where the stockholders' liability was summarily disposed of behind his back in Washington, rather than by the usual proceeding of a bill in equity brought in the neighborhood, in which the stockholders can be heard".

The second question is as to the authority of the Minnesota receiver to sue in Connecticut. The general principle is that such authority must be derived from the statute creating stockholders' liability.

The statute was intended to provide security for the creditors as a whole,—not to each creditor individually. The only way of administering such liability is by means of a receivership. The receiver is not the ordinary equity receiver. He is not a mere custodian of property; he is vested with legal title. The statute points out a trust fund in the event of insolvency, with the receiver representing all the creditors entitled to share in the fund. In such case the receiver can sue in a foreign jurisdiction.

This conclusion makes unnecessary an extended consideration of the comity rule. I conclude the better rule gives this receiver the authority to sue as a matter of right. There is much logic in the contention that his suit should be permitted as a matter of comity.

The reasoning involved in these conclusions belongs to that branch of the law known as the construction of statutes according to the purpose for which they were passed and not to the field of legal fictions.

The demurrer is overruled.