BRIDGEPORT RESTORATION COMPANY, INC. *v.*
A. PETRUCCI CONSTRUCTION COMPANY
(13616)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued March 29—decision released May 23, 1989

*Grant P. Haskell,* for the appellant (defendant).

*Max Frauwirth,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, Bridgeport Restoration Company, Inc., brought suit against the defendant, A. Petrucci Construction Company, for breach of contract and unfair or deceptive acts or practices in violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant appeals from a judgment rendered for the plaintiff after a court trial. We find no error.

The trial court found as follows: the plaintiff was a roofing and siding contractor and was qualified as a disadvantaged business enterprise (DBE), also known as a minority business enterprise. The defendant was a contractor engaged in constructing commercial and industrial buildings. The Greater Bridgeport Transit

District (transit district) put out to bid a contract to build a garage to be funded in part by the federal and state governments. In accordance with the requirements for government funding for the garage, the bid notice required at least 10 percent DBE participation, for which the plaintiff was qualified. The defendant was awarded the contract by the transit district, having attached to the contract as well as to the bid a "Schedule of DBE and WBE [women's business enterprise] Participation" that listed the plaintiff as a DBE company that would perform the roofing work, sheet metal work and miscellaneous other work for $400,000, which was 4.9 percent of the total contract.

The court specifically found that the plaintiff's president and an authorized agent of the defendant agreed on a bid price of $400,000 in telephone negotiations before the defendant submitted its bid on the contract to the transit district. The court also found that at that point the defendant's project manager told the president of the plaintiff company that if the defendant were awarded the contract the plaintiff would get the subcontract. After the defendant was awarded the contract it sought further adjustments in the subcontract that were refused by the plaintiff. Thereafter, the defendant awarded the subcontract to a different qualified bidder.

The court found for the plaintiff on both counts and awarded the plaintiff $60,000 damages for loss of the contract and $7500 attorney's fees under CUTPA. On appeal the defendant briefed three issues as follows: (1) whether there was a sufficient evidentiary basis to support the trial court's finding that the parties had formed the conditional contract alleged in the complaint; (2) whether there was a sufficient evidentiary basis to support the trial court's finding that the plaintiff had suffered lost profits of $60,000; and (3) whether

there was any legal and evidentiary basis for the trial court's award of $7500 for legal fees under CUTPA.

The defendant's appeal is clearly a futile attempt to retry the facts of the case. Since the defendant did not raise at the trial the claims he makes on appeal we are not bound to consider them. A further roadblock to our consideration of the merits of the appeal is the failure of the defendant to seek articulation of the evidentiary basis of the court's decision in the trial court. See *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982).

In the interests of justice we have, however, reviewed the transcript to determine if there was sufficient evidence, viewed in the light most favorable to sustaining the judgment, to support the trial court's findings. We conclude that the factual findings are not clearly erroneous in view of the evidence and pleadings in the whole record and that the decision is not otherwise erroneous in law. Practice Book § 4061.

There is no error.