[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
ISSUE
Should the defendant Whittle's motion to strike counts one and three of the cross claim of defendant Coldwell Banker Leighton Realty be granted on the ground that these counts fail to allege facts sufficient to constitute a cause of action? FACTS
In the underlying action, the plaintiffs bring a two count amended complaint against the defendant Steven L. Whittle and the defendant Coldwell Banker Leighton Realty ("Coldwell Banker"). The plaintiffs allege in count one that they had a written agreement with the defendant Whittle, wherein the plaintiffs agreed to sell to defendant Whittle certain real properly. The plaintiffs allege that the agreement provided that the defendant Whittle would deposit $30,000 to be held in escrow by the defendant Coldwell Banker, and that said deposit was to be retained by the plaintiffs as liquidated damages in the event of a default by the defendant Whittle. The plaintiffs further allege that the defendant Whittle deposited $2,000 to be held in escrow, but that a second check for $28,000 was returned by defendant Coldwell Banker to defendant Whittle due to insufficient funds. The plaintiffs allege that the defendant Whittle has failed to perform the agreement to purchase the real property and that the plaintiffs have been damaged thereby.
In the second count, the plaintiffs allege that the defendant Coldwell Banker was the agent of the plaintiffs and that it breached its fiduciary duty by not giving the CT Page 451 plaintiffs timely notice of the insufficient funds to cover the defendant Whittle's $28,000 deposit check.
The plaintiffs seek specific performance of the agreement or, in the alternative, a decree directing either defendant to pay to the plaintiffs $30,000 as liquidated damages.
On September 28, 1990, the defendant Coldwell Banker filed a three count cross claim against the defendant Whittle. In count one, the defendant Coldwell Banker alleges, inter alia, that the bank statements of the escrow account were sent only to the defendant Whittle and that only the defendant Whittle was aware that his check for $28,000 was not credited to the account. The defendant Coldwell Banker alleges that the defendant Whittle fraudulently misrepresented to Coldwell Banker that he had deposited the correct amount, and that he failed to disclose that only $2,000 had been deposited. The defendant Coldwell Banker alleges that if it is liable to the plaintiffs, it is due to the defendant Whittle's fraudulent conduct.
In count three of the cross claim, the defendant Coldwell Banker alleges that the defendant Whittle's conduct was a violation of Connecticut General Statutes Section 42-110b (CUTPA). The defendant Coldwell Banker seeks money damages, indemnification and attorney's fees and costs.
On November 14, 1991, the defendant Whittle filed a motion to strike the first and third counts of the defendant Coldwell Banker's cross claim on the ground of legal insufficiency.
Memoranda in support of and in opposition to the motion to strike have been filed.
DISCUSSION
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If facts provable under the allegations of the count would support a cause of action, the motion to strike must fail. See Ferryman v. Groton, 212 Conn. 138, 142
(1989).
First Count
The defendant Whittle argues that the first count of the cross claim fails to contain allegations of the essential elements of fraud. CT Page 452
 The essential elements of an action in fraud. . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act to his injury.
Miller v. Appleby, 183 Conn. 51, 55 (1981) (citations omitted); see also Gelinas v. Gelinas, 10 Conn. App. 167, 173
(1987).
The intentional withholding of information for the purpose of inducing action can be equivalent to a fraudulent misrepresentation. Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 407 (1983).
In count one of the cross claim, the defendant Coldwell Banker alleges that the defendant Whittle fraudulently misrepresented to Coldwell Banker that he had deposited the correct amount into the escrow account, and failed to disclose that only $2,000 was deposited. Further, count one contains the allegations that defendant Whittle was aware that the $28,000 check was not credited to the account, and that he knew that the account contained only $2,000. The aforesaid allegations satisfy the first two elements of an action in fraud.
Nevertheless, the first count of the cross claim does not contain any allegation that the misrepresentation was made to induce Coldwell Banker to act on it, or that Coldwell Banker did so act to its injury. Consequently, the first count fails to state a legally sufficient claim for fraud and, therefore, the defendant Whittle's motion to strike is granted as to the first count.
Third Count
The defendant Whittle moves to strike the third count for failing to state a legally sufficient claim under CUTPA. CUTPA provides: "No person shall engage in. . . unfair or deceptive acts or practices in the conduct of any trade or commerce." Connecticut General Statutes Section 42-110b(a). The third count of the cross claim incorporates all of the allegations of the first count, discussed supra, and adds the allegations that Whittle's conduct was unfair, immoral, unethical, oppressive, unscrupulous, caused substantial injury to the plaintiff and is a violation of CUTPA. CT Page 453
The defendant Whittle first argues that Coldwell Banker has not alleged sufficient acts to support a claim that Whittle engaged in unfair or deceptive acts.
In determining whether a practice violates CUTPA, courts should use the following criteria:
 "`"(1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; or (3) whether it causes substantial injury to consumers (competitors or other businessmen).". . .'"
Dadonna v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988), quoting Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 355 (1987) (additional citations omitted). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987).
The conduct of defendant Whittle, as alleged in the cross claim, does not satisfy the first criterion since it does not fall within the common law definition of fraud, as discussed supra. Nevertheless, the Court may find that the alleged conduct of misrepresenting that the correct amount had been deposited and failing to disclose the correct balance of the escrow account, does satisfy the second criterion in that it is "immoral, unethical, or unscrupulous." Similarly, the Court may find that the defendant Coldwell Banker's allegation that the defendant Whittle's conduct caused substantial injury to the plaintiff is reasonably supported by the facts alleged and, therefore, the third criterion is met. Consequently, the Court may find that the third count of the cross claim contains sufficient allegations to support a claim that the defendant Whittle engaged in unfair or deceptive acts.
The defendant Whittle also argues that the defendant Coldwell Banker has failed to allege that the defendant Whittle was engaged in any "trade or commerce" as required CT Page 454 under CUTPA. The third count of the cross claim contains the allegation that the defendant Whittle had entered into a written agreement with the plaintiffs for the sale of real property.
 "Trade" or "commerce" means the. . . sale. . . of any. . . property, tangible or intangible, real, personal or mixed. . . .
Connecticut General Statutes Section 42-110a(4).
The defendant Coldwell Banker has sufficiently alleged that the defendant Whittle was engaged in the conduct of a trade or commerce.
In addition, the defendant Whittle argues that the defendant Coldwell Banker has not alleged that Whittle's conduct involved a public interest. In Ivey, Barnum O'Mara v. Indian Harbour Properties, Inc., 190 Conn. 528, 537 (1983), the court held that suits undertaken pursuant to CUTPA must demonstrate some nexus with the public interest. However, the public interest requirement was subsequently eliminated by the Connecticut state legislature. ConnecticutPublic Acts No. 84-468, Sections 2, 4 (effective June 8, 1984); codified at Connecticut General Statutes Section 42-110g, Section 42-110n; Rotophone, Inc. v. Danbury Hospital, 13 Conn. App. 230, 233
(1988). Consequently, an allegation of public interest is not necessary in order to state a claim under CUTPA.
Finally, the defendant Whittle argues that the cross claim alleges only an "isolated incident" and not a general business practice, and, therefore does not state a legally sufficient claim under CUTPA. The following cases have held that a single transaction is a sufficient basis for a claim under CUTPA: Allison v. Widder, 1 Conn. L. Rptr. 461, 462 (April 6, 1990, Cioffi, J.); Judge v. Housemaster of America,2 CSCR 421 (March 9, 1987, Gill, J.); Student v. Cardascio,2 CSCR 382, 383 (March 3, 1987, Reynolds, J.); Conn. Light Power Co. v. Paonessa, 2 CSCR 160, 161 (December 19, 1986, Koletsky, J.); Thompson v. Colasanto, 2 CSCR 229, 230
(December 8, 1986, Goldstein, J.). The following cases have held that a one time purchase of real estate can be a basis for a CUTPA claim: Jamison v. Artinian, 4 CSCR 387
(March 28, 1989, Hendel, J.); Geltman v. Ciardiello,3 CSCR 75, 76 (November 23, 1987, Reynolds, J.); Sikorsky v. Nelson, D.N. 51 39 15, J.D. of New London, Memorandum of Decision as Concerns Defendant's Motion to Strike, October 19, 1990, Austin, J. Accordingly, it is not necessary for the defendant Coldwell Banker to allege more than one instance of unfair or deceptive conduct in order to state a claim under CUTPA. CT Page 455
For the foregoing reasons, the defendant Whittle's motion to strike the third count of the cross claim is denied.
AUSTIN, J.