[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Plaintiff brings this action claiming breach of contract, negligence, fraud, and a CUTPA violation resulting from the plaintiff purchasing a computer system from the defendant.
The plaintiff Medpath and the defendant IDS Corporation (IDS) entered into a computer hardware purchase and software license agreement on May 20, 1986. Under this agreement, Medpath purchased computer equipment selected and recommended by IDS. The plaintiff claims that the computer system never functioned properly.
Based on this alleged failure of the computer system, the plaintiff instituted the present action claiming breach of contract, breach of express warranties, fraud and misrepresentation, negligence, and a violation of CUTPA, Connecticut General Statutes sec. 42-1106 et seq. The defendant has moved to strike counts three and four of the complaint. CT Page 2294
The defendant has moved to strike count three of the complaint on the grounds that a claim for computer malpractice is not actionable. However, the plaintiff's allegation that the defendant was negligent in failing to properly configure the system is a claim of simple negligence rather than computer malpractice. See Invacare Corp. v. Sperry Corp., 612 F. Sup. 448,453-54 (D.C. Ohio-1984). Those in the computer industry should be held to an ordinary standard of care. Id. at 453. An allegation of negligence against a computer company does not give rise to a new tort of "computer malpractice". Id. at 453. Rather, such an allegation simply gives rise to a claim of negligence in a business setting which is clearly actionable. Id. at 453; see also United States v. Bernstein, 533 F.2d 775 (2nd Cir. 1976). Since the plaintiff has sufficiently alleged a claim of ordinary negligence, the third count should be stricken.
The defendant also seeks to strike count four of the complaint on the grounds that a single isolated act does not provide the proper basis for a CUTPA violation. However, the majority of superior courts have held that a single act may constitute a CUTPA violation. See e.g., Allison v. Widder,1 Conn. L. Rptr. 461 (1990); Jamison v. Artinian, 4 CSCR 387
(March 28, 1989, Hendel, J.); Geltman v. Ciardiello, 3 CSCR 75
(November 23, 1987, Reynolds, J.); but see Keeler v. Deuth,3 CSCR 764 (September 2, 1988, Healey, J.). While the language of Connecticut General Statutes sec. 41-1106 (a) utilizes the plural forms of the phrases "unfair methods of competition or unfair or deceptive acts or practices," sec. 42-110g(a) employs singular forms and provides that "any person who suffers any ascertainable loss . . . as a result of the use or employment of a method, act or practice . . . may bring an action to recover damages." Allison, 1 Conn. L. Rptr. at 462. Accordingly, the language of these provisions allows for a single act to constitute a CUTPA violation. Id. at 462. See also Geltman, 3 CSCR at 76. Moreover, it has also been held that since CUTPA is to be liberally construed, a single isolated act may give rise to a CUTPA claim. Jamison, 4 CSCR at 387.
Further, the defendant's reliance on Koehm v. Kuhn,41 Conn. Sup. 130 (1987) is misplaced. The defendant cites Koehm to support the proposition that a CUTPA claim may not be based on a single isolated act. Koehm reaches this conclusion by relying on language in Mead v. Burns, 199 Conn. 651 (1986). However, Mead involved the Connecticut Unfair Insurance Practices Act (CUIPA) which specifically states that for unfair claim settlement practices to occur such practices must be committed with "such frequency as to indicate a general business practice." Mead, 199 Conn. at 657; Conn. Gen. Stat. sec. 38a-816(6). The quoted language of CUIPA indicates that a single CT Page 2295 act will not suffice to support a claim of unfair insurance I practices. Mead, 199 Conn. at 659. As noted earlier, CUTPA sec.42-110g(a) permits an action by any person who is the victim of an unfair method, act or practice. In this way, the provisions of CUTPA differ from those of CUIPA. The CUTPA legislation, unlike CUIPA, contains no provision that certain conduct must become a "general business practice" before it is actionable. Conn. Gen. Stat. sec. 42-110b et. seq.; Conn. Gen. Stat. sec.38a-816(6). Koehm is on point because it relied on Mead and the CUIPA statute in making the determination concerning CUTPA.
Accordingly, the motion to strike counts three and four are denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT