[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #106
On November 23, 1990, the plaintiffs, Burtis P. Ransom and Burtis P. Ransom, Jr., instituted this action against the defendant Amerlink, Ltd. On December 31, 1990, the plaintiffs, in a four count amended complaint, allege that the defendant has failed to return $7,890.49, which was paid to the defendant as a deposit towards the purchase of a log home package. The plaintiffs state that the defendant, Amerlink, Ltd., is a North Carolina corporation engaged in the business of selling pre-cut log homes. CT Page 2075
The plaintiffs' amended complaint alleges the following facts. On April 11, 1987, the plaintiffs entered into a sales agreement to purchase a pre-cut log home package from the defendant. The plaintiffs allege that they paid $7,890.49 to the defendant as a deposit towards the purchase of the log home package. The plaintiffs further allege that the sales agreement provided that the deposit would be refunded, less $500.00 plus the value of any benefit received by the buyer, if the buyer cancelled the sales agreement.
The plaintiffs state that on April 13, 1990, they informed the defendant that they wished to cancel the sales agreement and requested the return of their deposit. The plaintiffs further state that the defendant has refused to return the plaintiffs' deposit.
In the second count of the amended complaint the plaintiffs assert a claim for unjust enrichment.
In the third and fourth counts of the amended complaint the plaintiffs assert that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA) Conn. Gen. Stat. 42-110b, when it failed to return the plaintiffs' deposit.
On February 6, 1991, the defendant filed a motion to strike counts three and four of the plaintiffs' amended complaint and a supporting memorandum of law. On February 19, 1990, the plaintiff filed a memorandum of law in opposition to the motion to strike.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey Barnum O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 530 (1981). The defendant asserts, in its motion to strike counts three and four of the plaintiffs' amended complaint, that the allegations contained in those counts fail to state a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. 42-110b. The defendant, in its memorandum of law in support of the motion to strike, argues that a single or isolated instance of alleged misconduct is insufficient to bring a CUTPA cause of action.
Conn. Gen. Stat. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110g(a) provides that "[a]ny person who suffers any CT Page 2076 ascertainable loss . . . as a result of the use or employment of a method, act or practice . . . may bring an action. . . ." (emphasis added).
Accordingly, the language of these provisions provides for a single isolated unfair act to be within the scope of the CUTPA statute.
Moreover, a number of Connecticut Superior courts have declared that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action. See Allison v. Widder, 1 Ct. LR 461 (April 30, 1990, Cioffi, J.); (singular act of real estate agent making false representations); Judge v. Housemaster of America, 2 CSCR 421 (March 9, 1987, Gill, J.) (singular act of issuing deceptive insurance policy constituted CUTPA violation); Jamison v. Artinian, 4 CSCR 387 (June 5, 1989, Hendel, J.) (CUTPA applies to single sale of property by person not engaged in real estate business).
For the foregoing reasons, the defendants' motion to strike counts three and four of the plaintiffs' amended complaint is denied.
DRANGINIS, J.