[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
I.
INTRODUCTION
The plaintiff filed the present action seeking damages for alleged increased costs due to the defendant's failure to renovate the subject premises, the "Brownstone building" in a timely fashion as allegedly promised in the parties' lease negotiations. The third count is a claim under General Statutes 42-1100b — The Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff claims that the defendant, Suffield Financial Corp., the landlord, through its agent, the defendant Westledge Associates, Inc., the leasing agent and construction manager, continually misrepresented the construction completion date of the building. When the building was not ready for occupancy at the agreed upon time, the plaintiff was required to seek substitute space at an increased cost.
 II.
DISCUSSION
 A.
The motion to strike, P.B. 152 is utilized, inter alia, CT Page 3249 to test, the legal sufficiency of any count in the complaint. Like the demurrer which it replaces, the motion to strike admits all well pleaded allegations and cannot be opposed by facts outside the pleadings. State v. Bashura, 37 Conn. Sup. 745,748 (1981). Facts alleged in the complaint are to be construed in a light most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
 B.
The defendant bank[1] seeks to strike the CUTPA claim on the grounds that plaintiff "has failed to allege more than a single isolated instance which forms the basis for his claim. The bank argues that General Statutes 42-110b mandates that there be unfair methods of competition and unfair or deceptive acts or practices. (emphasis added).[2]
The bank cites Koehm v. Kuhn, 41 Conn. Sup. 130, 139
(1987) which quotes Mead v. Burns, 199 Conn. 651, 666 (1986) as authority. In Mead, the court held, in reference to a claim under the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes 38-60 et seq., that the failure to pay a claim, in one single isolated instance, could not trigger the remedial provisions of the act. Adopting this reasoning, the trial court in Koehm held that the institution of a lawsuit by the purchaser of restaurant seeking a release of a mortgage was not a CUTPA violation since it was a single isolated instance. The plaintiff "did not generally, as a restauranteur, conduct her trade or commerce by bringing lawsuits." Id. 139. Though not cited, the court is also aware of Keeler v. Deuth,3 CSCR 764 (September 2, 1988) in which Healey, J. adopts the one instance bar in a CUTPA claim.
Our Supreme Court has never fully addressed the one isolated instance bar in CUTPA claims. A number of cases which appear to involve an individual instance as in the present case have been reviewed without focusing on the present issue. See, Bridgeport Restoration Co. v. A. Petrucci Construction Co.,211 Conn. 230 (1989) (violation of contract to perform construction work); Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243
(1988) (dismantling of mobile home rather than commencing summary process action); Paranteau v. DeVita, 208 Conn. 515
(1988) (claim against landlord); Gargano v. Heyman, 203 Conn. 616
(1987) (terminating electrical service to the tenant). See also, Gill v. Petrazzuoli Bros., Inc., 10 Conn. App. 22 (1987) (conversion of automobile). Likewise in at least one housing case, the court without addressing the one instance argument, found a CUTPA violation as a result of an unlawful entry and detainer. Narvaez v. Villegas, SPH 8704-2460, (September 2, 1988) (Doyle J.) (H-866). CT Page 3250
A number of Superior Court judges have analyzed the single instance issue and most have concluded that a single act may constitute a CUTPA violation. Most recently in Metpath v. IDS Corporation, CV89-0435312, Superior Court, Hartford-New Britain Judicial District at New Britain, (March 12, 1991), Judge Aronson denied a Motion to Strike in a case concerning a contract to purchase computer equipment. He referred to Allison v. Widder, 1 Conn. L. Rptr. 461, (1990) (Cioffi, J.) (misrepresentation of real estate agents); Jamison v. Artinian, 4 CSCR 387 (March 28, 1989) (Hendel, J.) (misrepresentation by real estate agents)i and Geltman v. Ciardiello, 3 CSCR 75 (November 23, 1987) (Reynolds, J.) (nonperformance of buyers in real estate contract). There are others in addition to those cases. Judge Goldstein denied a Motion to Strike in Thompson v. Colasanto, 2 CSCR 229 (December 8, 1986), a case dealing with a tenant's complaint against a landlord. See also Judge v. Housemaster of America, 2 CSCR 421
(March 9, 1987) in which Judge Gill also denied a Motion to Strike involving a claim against a housing inspection service for contractual improprieties. These judges all recognized that CUTPA is a remedial measure and is to be construed liberally in an effort to effectuate its public policy goals. Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 756
(1984). Many have indicated that Mead is limited to CUIPA situations only due to the particular language of the statute ("committing or performing with such frequency as to indicate a general business practice. . . .") General Statutes 38-61(6). Metpath, supra; Judge, supra; Thompson, supra. This court adopts that reasoning. The standard for a CUTPA violation is well established:
 In determining whether a practice violates CUTPA, the court should employ these criteria: "`(1)[W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness, (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen].' Sportsmen's Boating Corporation v. Hensley, supra, citing Conway v. Prestia, 191 Conn. 484, 490-91, 464 A.2d 847 (1983)], quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244 n. 8, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972)." McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 568, CT Page 3251 473 A.2d 1185 (1984).
This court believes that the allegations of the third count are sufficient to withstand the defendant's Motion to Strike. They will be obviously examined in light of the above test.
 III.
Conclusion
The Motion to Strike is denied.
Berger, J.