[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT ROGERS' MOTION TO STRIKE
The fourth count of the plaintiff's complaint alleges that the defendant Rogers violated Connecticut General Statutes section 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA) in the course of her sale of her single family dwelling to the plaintiffs. The defendant Rogers moved to strike this CUTPA claim on the ground that CUTPA does not apply to a single, solitary sale of a home by a seller who is not in the trade or business of selling real property.
A motion to strike challenges the legal sufficiency of a pleading, and admits all facts well pleaded, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The crucial question to be decided here is whether CUTPA can be construed to apply to such a transaction.
The Connecticut trial courts are sharply divided over this precise issue, and neither the Appellate Court nor Supreme Court have spoken on it.
For cases denying the existence of a CUTPA claim against an individual homeowner-seller of a dwelling arising out of a solitary, one-time sale, see: Bertram v. Miller, No. 46559, Judicial District of Litchfield (1989); Corna v. Polivka, No. 332361, Judicial District of Hartford-New Britain CT Page 2950 (1988). Also, see Keeler v. Deuth, 3 CSCR 764 (Waterbury) (1988) (one time sale of business) and Colonial Motors, Inc. v. The New York Design Group, Inc., Civil No. 86-206 (D. Conn.). (CUTPA not applied to allow retailer to sue customer-lessee of automobile.)
For cases contra see Oat v. Whittle, No. 93417, New London Judicial District (1991); Sikorsky v. Nelson, No. 513915, New London Judicial District (1990); Jamison v. Artinian, No. 507709, New London Judicial District (1989); Geltman v. Ciardello, 3 CSCR 75 (1987) and Thompson v. Colasanto, 2 CSCR 229 (1986).
A starting point of the analysis is that CUTPA was designed by the legislature to "put Connecticut in the forefront of state consumer protection." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 515 (1983).
And, the legislation itself provides that it be remedial and be so construed. General Statutes section42-110b(d). Moreover, it contains its own guide for its statutory construction.
Our Supreme Court, when deciding that securities transactions were not within the boundaries of CUTPA, has stated:
 We recognize the sweeping nature of the reference in section 42-110b(a) to "deceptive acts or practices in the conduct of any trade or commerce" (emphasis added) and the breadth of the definition of "trade" and "commerce" in section 42-110a(4).[1] This statutory language must, however, be reconciled with the equally unconditional statutory language that, in construing section 42-110b(a), "the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission Act (15 U.S.C. § 45(a)(1), as from time to time amended.) General Statutes section 42-110b(b)." Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 178-179 (1986).
The courts have repeatedly held that Federal Trade Commission (FTC) rulings "serve as a lodestar for the interpretation of the open-ended language of CUTPA." Id., 179. The parties have cited no relevant FTC cases on the issue CT Page 2951 presented here, nor has the Court's research uncovered any.
The plaintiffs argue that the terms of CUTPA are broad enough to cover the instant transaction, and specifically assert that section 42-110a(4) includes "the sale. . . of any property, . . . real, personal or mixed. . . in this state." Therefore, the plaintiffs contend that the remedies provided by CUTPA should be available to them as consumers, regardless of the fact that the defendant is not in the trade or business of selling homes. The court concludes that CUTPA cannot be read to include a single, solitary transaction between individuals which is not in the ordinary course of a trade or business. I reach this conclusion from the plain language of section 42-110b(a), which states : "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." (Emphasis added.) The statute, no matter how broadly it must be construed to effect its remedial purpose, must be understood by the application of the common, ordinary meanings of the words it uses. And, it cannot be tortured or stretched to embrace a single, one-time sale by a homeowner and transform such a transaction into "the conduct of any `trade' or `commerce'."
This conclusion finds support in the holding of the Supreme Judicial Court of Massachusetts on a case almost exactly in point. See Lantner v. Carson, 373 N.E.2d 973
(1978). Significantly, the Commissioner of Consumer Protection, who bears administrative responsibility for the enforcement of CUTPA, has promulgated no regulations affecting the sale of single family homes by homeowners. Regs., Connecticut State Agencies sections 42-110b-1 through42-110b-28. Moreover, it has never sought to enforce CUTPA in the context of such a sale. On the contrary, the Attorney General of the State of Connecticut, who has duties of enforcement under CUTPA, has strenuously opposed the application of CUTPA to such transactions. See Amici briefs by the Attorney General filed in Corna v. Polivka, Judicial District of Hartford-New Britain, No. 332361 (O'Connor, J.) (1988).
The Attorney General's opinion is entitled to deference, as an agency charged with the enforcement of an act. This Court finds additional support for its conclusion in Koehm v. Kuhn, 18 Conn. App. 313 (1989). There, in the context of a plaintiff bringing suit for failure to execute and deliver a release of a mortgage, the defendants counterclaimed that plaintiff's lawsuit was itself a CUTPA violation. The trial court found that the plaintiff was in the restaurant business and not in the business of bringing lawsuits. The CT Page 2952 Appellate Court, at page 314, adopted the trial court's legal conclusions in the case, which as to the CUTPA violation claim held, "The lawsuit instituted by the plaintiff is a single isolated instance as distinguished from `unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Koehm v. Kuhn,41 Conn. Sup. 130, 139 (1989).
This Court holds that when the legislature enacted section 42-110b(a), it intended to provide a right of action against only those persons acting in the course of a trade, profession or business, and did not intend to provide a right of action against individual homeowners not so engaged.
For the foregoing reasons the motion to strike is granted.
Teller, J.