[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION TO STRIKE (No. 101)
I
The plaintiff, Dale Gustafson, commenced an action against the defendant, Eric S. Young, seeking damages in CT Page 7295 connection with the defendant's failure to accurately and properly prepare a lease and purchase agreement and his failure to disclose a conflict of interest which arose during his representation of the plaintiff.
In her four-count complaint, the plaintiff alleges causes of action in negligence, fraud, violation of the Connecticut Unfair Trade Practices Act (CUTPA), § 42-110a, et seq. and breach of contract. The defendant's motion to strike is directed to the third count, the CUTPA claim.
The plaintiff alleges that in or about March or April of 1991, she sought the services of the defendant to assist in the drafting and preparation of a lease and purchase agreement (the "agreement") concerning property located at 20 Comstock Bridge Road, Colchester, Connecticut. She retained the defendant, an attorney licensed to practice in this state, to represent her interests as a potential tenant and buyer of the property. The plaintiff alleges, inter alia, that the defendant failed to accurately prepare the agreement by omitting to properly set forth the understandings of the parties concerning the following issues: (1) the character and amount of rent payments; (2) the earnest money deposit and credit of rental payments toward the purchase price; (3) certain mortgage and purchase contingencies; and (4) the exercise of a purchase option. She further alleges that the defendant had a conflict of interest in that he was also retained by Donna Bafundo, the other party to the agreement (seller-lessor), to represent Bafundo's interests in the very same transaction and failed to disclose the conflict, and also improperly altered the agreement. The plaintiff alleges that by these actions, the defendant has violated CUTPA.
 II
The defendant basically claims that the third count of the plaintiff's complaint is legally insufficient because the alleged failure to properly prepare real estate documents does not amount to a CUTPA violation. He further asserts that a `single act' or isolated transaction cannot furnish the basis of a CUTPA claim. Therefore, the defendant argues that his motion to strike should be granted.
The plaintiff argues that as she has pleaded more than a "single act" of misconduct on the part of the defendant, the CT Page 7296 third count of the plaintiff's complaint is legally sufficient and thus the defendant's motion to strike should be denied.
 III
Pursuant to Practice Book § 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177,185 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 496.
The defendant argues that the third count of the plaintiff's complaint should be stricken because (1) the plaintiff's cause of action falls beyond CUTPA's intended scope; (2) the plaintiff's allegations are insufficient to support a CUTPA claim; and (3) the plaintiff's CUTPA claim is inapplicable to the present action because the plaintiff alleges only a single act of misconduct or an isolated transaction.
The plaintiff alleges that the defendant intentionally engaged in unfair business practices in violation of CUTPA in the following ways:
 a. changing or modifying the terms of the written Lease and Purchase contracts after they were executed, and seeking to have a `joint' client rely upon these revised terms that were not agreed to by plaintiff;
 b. representing a different client with adverse interests in the same transaction without disclosing that representation and failing to obtain a waiver of the conflict of interest;
 c. by inducing plaintiff to pay rental in excess of the fair market value of the CT Page 7297 rental property by promising to prepare a lease and purchase agreement that would credit one-half of the rental payments toward the purchase price of the rental property by plaintiff, but thereafter failing to do so;
 d. by fraudulently instructing the plaintiff to sign the contracts which did not contain the entire and accurate understandings of the parties, did not set forth the actual agreements entered into by the parties, and did not protect the interests of the plaintiff; and
 e. inaccurately and negligently drafting the contracts such that they failed to protect the interests of the plaintiff, and failing to clearly set forth the understandings of the parties by using a "form" contract that was not accurately reviewed by defendant before he presented it to plaintiff for signature.
General Statutes § 42-110b(a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The determination of whether an act or practice is unfair under CUTPA depends upon the resolution of:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Citations omitted; internal quotation marks omitted.) CheshireMortgage Service, Inc. v. Montes, 223 Conn. 80, 105-06 (1992). CT Page 7298 "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citation omitted; internal quotation marks omitted.) Id., 106. "Thus, a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." (Citations omitted.) Web Press Services Corporationv. New London Motors, Inc. (Web Press I), 203 Conn. 342, 355
(1987).
"CUTPA is textually inconclusive on the question of whether the practice of law is included within the conduct of trade or commerce." Heslin v. Connecticut Law Clinic ofTrantolo Trantolo, 190 Conn. 510, 517 (1983). Nevertheless, since "the conduct of any trade or commerce" does not exclude all conduct of the profession of law, the Connecticut Supreme Court has held that CUTPA does apply to the conduct of attorneys. Id., 520-21. See, however, Jackson v. R.G. Whipple,Inc., 225 Conn. 705 (1993) (CUTPA does not provide a private cause of action for an aggrieved party against the attorney representing an opposing party.) Although attorneys may be potentially liable for CUTPA violations, that "does not mean that every claimant who alleges attorney misconduct states a cause of action under the act. . . ." Ivey, Barnum O'Mara v.Indian Harbor Properties, Inc.,[1] 190 Conn. 528, 532 (1983). In order to prevail, "the person being sued must still have engaged in unfair or deceptive acts or practices." Id., 536. As CUTPA applies to attorneys, the plaintiff's cause of action falls within CUTPA's intended scope.
It is evident that the facts alleged in the third count of the complaint are sufficient to support a CUTPA claim. Given the remedial purpose of CUTPA, the defendant's contention that a single deceptive act or unfair practice or an isolated transaction is insufficient to support a CUTPA claim, seems doubtful. A considerable number of appellate cases, while not focusing on this precise point, have recognized the validity of a CUTPA claim arising out of a single transaction. See, for example, Cheshire Mortgage Service, Inc. v. Montes, supra, (mortgage closing); Web Press Services Corporation v. New LondonMotors, Inc., 203 Conn. 342 (1987) (Web Press I) and Web PressII, 205 Conn. 479 (1987) (sale of motor vehicle); Hinchliffe v.American Motors Corp. , 184 Conn. 607 (1981) (sale of motor vehicle); Tessman v. Tiger Lee Construction Co., 228 Conn. 42
CT Page 7299 (1993) (sale and construction of new home); Prishwalko v. BobThomas Ford, Inc., 33 Conn. App. 575 (1994) (sale of motor vehicle, misrepresentation as to its mileage);Lester v. Resort Campgrounds International, Inc., 27 Conn. App. 59
(1992) (purchase of membership for use of campground and facilities);Gionfriddo v. Carter-Howe Development Corp. , 27 Conn. 706 (1992) (breach of a lease agreement); Francoline v. Klatt, 26 Conn. App. 203
(1991) (action for specific performance of a contract for the sale of property; defendant counterclaimed, alleging that the plaintiff had violated CUTPA by recording documents with alterations not agreed to by the parties); DeMotses v.Leonard Schwartz Nissan, Inc., 22 Conn. App. 464 (1990) (purchase of a new car); Bridgeport Restoration v. A. PetrucciConstruction, 211 Conn. 230 (1989) (defendant awarded a contract based on plaintiff's contractor's bid, and later awarded subcontract to another); Daddona v. Liberty Mobile Home Sales,Inc., 209 Conn. 243 (1988) (defendant's dismantling of plaintiff's mobile home for off-site storage violated CUTPA);Gargano v. Heyman, 203 Conn. 616 (1987) (plaintiff lessee of commercial premises from defendant denied damages under CUTPA when defendant terminated electrical services to the premises held, although the defendant had violated CUTPA, plaintiff showed no ascertainable loss); Gill v. Petrazzuoli Bros., Inc.,10 Conn. App. 22 (1987) (CUTPA damages awarded for defendant conversion of an automobile which plaintiff had taken to the defendant to be repaired).
There is a split of authority among the trial courts which have addressed the issue. A majority have held that a litigant need not allege more than a single transaction upon which to base a CUTPA claim. See e.g., Chrysler CreditCorporation v. Berman, J.D. Litchfield, Docket No. 57971 (June 10, 1993, Pickett, J.); Douaihy v. Integrated Quality Sys.,Inc., 9 CSCR 643 (June 27, 1994, Pickett, J.) and cases cited therein.
In any event, the defendant's argument that the plaintiff has alleged only a single act of misconduct is not accurate. The plaintiff has set forth several acts which she alleges constitute violations of CUTPA. Specifically, the plaintiff alleges that the defendant was negligent in the preparation of the agreement. Additionally, the plaintiff alleges that the defendant failed to disclose a conflict of interest which arose during the defendant's representation of the plaintiff. She further alleges that the defendant made CT Page 7300 unauthorized alterations to the agreement. These allegations constitute more than a single act, and the defendant's argument fails. See Sansone v. Esis, 8 CSCR 248, 250 (January 4, 1993, Maiocco, J.) (As plaintiff alleged multiple acts of misconduct sufficiently alleged a "general business practice" of misadministering funds in violation of CUTPA and CUIPA); see also Sambuco v. Aetna Casualty Surety Co.,4 Conn. L. Rptr. 74, 75 (May 14, 1991, Karazin, J.).
The defendant relies on Koehm v. Kuhn, 41 Conn. Sup. 130
(1987); aff'd., 18 Conn. App. 313 (1989), which cited Meadv. Burns, 199 Conn. 651 (1986). The defendant's reliance onKoehm[2] and Mead is misplaced, as both cases are distinguishable on their facts. Koehm, supra, involved a CUTPA claim which was based on a lawsuit, and the court held that it was not the CUTPA defendant's trade or business to bring lawsuits, as the defendant was a restauranteur. Mead, supra, involved a CUTPA claim based on a single unfair insurance practice, thus not in violation of the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes §§ 38-60 and 38-61. Our Supreme Court there held that while it is possible to state a CUTPA cause of action for a violation of CUIPA, there must be a showing of more than a single act of insurance misconduct, in order to violate CUIPA in the first instance. "Although . . . CUTPA may authorize a cause of action that builds upon the public policy embodied in specific statutory provisions, such a CUTPA claim must be consistent with the regulatory principles established by the underlying statutes. . . . The definition of unacceptable insurer conduct in § 38-61 reflects the legislative determination that isolated instances of unfair settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Id., 665-666. Therefore, it appears that the holding of Mead must be limited to a CUTPA claim arising out of a CUIPA violation.
When construing the facts in the light most favorable to the plaintiff, as the court must, I conclude that the plaintiff has alleged facts sufficient to support a claim under CUTPA. Therefore, the defendant's motion to strike the third count of the complaint is denied.
Teller, J.