## THOMAS DEREGIBUS
### vs.
## SILBERMAN FURNITURE CO., INC.

Superior Court          Fairfield County          File #45315

Present:  Hon. ALFRED C. BALDWIN, Judge.

Walsh & Buckley,                    Attorneys for thePlaintiff.

Nathan B. Silberman;
Frank Rich,                    Attorneys for the Defendant.

---

**MEMORANDUM FILED SEPTEMBER 9, 1935.**

BALDWIN, J.  The plaintiff and the defendant own adjoining properties located on the northerly side of State Street

in Stamford. The dividing line between these properties runs back from the street line in a northerly direction sixty-five feet. The line then deflects at a right angle, or at approximately a right angle, to the right and thence runs easterly in a straight line twenty-nine feet. The line then deflects to the left at a right angle, or at approximately a right angle, and thence runs northerly in a straight line until it intersects the rear line of the plaintiff's and the defendant's properties.

Each party has a building upon the property respectively owned by such party, the westerly side of plaintiff's building being eleven and thirty-four hundredths feet easterly of the sixty-five feet line and the easterly side of defendant's building being eight and sixty-six hundredths feet westerly of the sixty-five feet line. There is therefore an open space between these buildings twenty-five feet in width. This space is twenty feet wide at the front or street end of the space and it is twenty and two-tenths feet wide at the rear end of plaintiff's house. These buildings are so constructed that the space between them continues along the twenty-nine feet dividing line having a width of fifteen and ninety-three hundredths feet, an outer wall or side of defendant's building, running parallel with this twenty-nine feet line and eight and six-hundredths feet distant therefrom. A part of the rear of defendant's building runs also parallel to this line and seven and eighty-seven hundredths feet distant therefrom and then plaintiff's building is so constructed that it comes within about two feet from this line near its easterly end.

It will be seen from the foregoing that defendant's building is so constructed that it extends farther back from the street than does plaintiff's building and that a wing of defendant's building extends easterly and is to the rear or northerly end of plaintiff's building.

Upon the northeasterly corner of plaintiff's land he has a garage and there is an open space at the rear of his building and between this garage and the wing referred to of defendant's building.

The space hereinbefore described leading back from the street between plaintiff's and defendant's building along the sixty-five feet line and thence along the twenty-nine feet line leads to the open space back of plaintiff's building and in front of his garage. He uses this space leading back from the street as a means of ingress and egress to and from the rear of his

building and the open space at the rear and the garage, and claims a right of way over the defendant's property located between the defendant's building and the sixty-five feet dividing line and between the defendant's building and the twenty-nine feet dividing line to the open space referred to.

These buildings have been standing in their present locations, insofar as described herein, for more than thirty years, and the space leading back from the street to the open space referred to has also existed for more than thirty years.

July 28, 1905, James F. Shannon and Charles H. McNally by warranty deed received title to the property now owned by the plaintiff and in the fall of that year Shannon and McNally leased the premises to Gennaro Rosa and Vito Romano who conducted a saloon on the ground floor in the westerly part of the building. In 1908 plaintiff leased from Rosa and Romano the store on the ground floor in the easterly part of the building, where he conducted a store and restaurant and rooms upstairs where he has since lived.

In 1913, plaintiff took a lease of the store and restaurant in the name of his father-in-law from Shannon and McNally. He, however, continued to conduct his store and restaurant under the lease which he had taken in his father-in-law's name.

In 1914 or 1915, plaintiff took over the whole building including the business theretofore conducted by Rosa and Romano and he has continued to occupy the building ever since, taking title by warranty deed April 25, 1922.

Since some time prior to 1905 when Shannon and McNally bought the premises now owned by the plaintiff, the space between plaintiff's and defendant's buildings leading from the street back to the open space described, including that strip of land between the sixty-five feet and the twenty-nine feet dividing line and defendant's building has been used by the tenants occupying plaintiff's building and by those who had occasion to make deliveries of merchandise to those tenants.

Rosa and Romano during the time of their occupancy from 1905 to 1914 or 1915 used this as a way for teams to the space at the rear of the building they occupied, as did trucks employed in delivering beer and other merchandise to their saloon.

The plaintiff from the time of his occupancy of a part of the building in 1908 has used this space as a way to the rear of his building, the garage and the open space referred to. During the early part of plaintiff's occupancy he had a horse and wagon which he kept in a barn at the rear of his building and this space between the buildings was the way used to drive into and out from his barn. About 1918, the use of the horse and wagon was discontinued and plaintiff acquired an automobile and the barn became converted into a garage and the use of this way was continued for the purpose of driving in and out the automobile and for other incidental uses.

Walter N. and Charles F. Maguire were predecessors in title of the defendant's property, acquiring such title May 2, 1921, which they held until October 16, 1922. While they held this title improvements were made in the building upon defendant's land in making these improvements old materials were dumped in this way alongside of defendant's building and other materials were placed alongside this building and allowed to remain there during a period of time. Defendant claims an interruption of the use of this way resulting from the deposit of such material. It was also claimed that horses were hitched to rings in the side of defendant's building by occupants of that property along this way and because of such uses no right of way has been acquired over the land between the dividing line described and defendant's building.

The defendant acquired title to its property October 18, 1929, and its immediate predecessor in title, Philip Silberman, acquired the title May 24, 1927. In 1931 or 1932, a representative of the defendant offered to lease to the plaintiff the right to continue to use the way upon payment of one dollar a year as a result of which plaintiff made a proposal of purchasing from defendant some of its property and straightening the dividing line between them from the street back to the rear line.

This was not a proposal to purchase a right of way, nor merely to purchase only that land over which the claimed right of way existed. It involved the purchase of land upon which the easterly wing of defendant's building stood including that part of the building as well as the land over which the claimed right of way existed.

Early in 1934, defendant caused four posts to be firmly set in the ground along the twenty-nine feet dividing line in such manner as to prevent defendant from use of this way as a means of ingress or egress with any vehicle whereupon plaintiff secured a temporary injunction and these posts were removed. This action is brought to secure a permanent injunction restraining the defendant from interfering in any way with plaintiff's use of this way.

From some time in 1905, approximately two months after Shannon and McNally bought the property now owned by plaintiff, Rosa and Romano leased the premises and occupied a store located in the westerly side on the ground floor conducting a saloon therein and using the now disputed right of way until they sold the saloon business to the plaintiff in 1913 or 1914.

Plaintiff has continuously occupied a part of the building from sometime in 1908, at first occupying a store room located in the easterly part of the building on the ground floor and conducting a store and restaurant therein and occupying rooms upstairs as a dwelling. The earlier part of this period he leased from month to month from Rosa and Romano, and after a period he leased from Shannon and McNally, at one time taking the lease in the name of his father-in-law. Plaintiff has used this disputed right of way from the time of his occupancy began to the present.

The use of this right of way has been continuous since some time prior to 1905. It has been continuous by the tenants, Rosa and Romano since in July, 1905, to 1913 or 1914 and by the plaintiff as a tenant from in 1908, until he acquired title in 1922, and ever since as the owner.

This use has been adverse and open and notorious and under claim of right during this period of thirty years, or more, and an easement of the right of way, acquired by prescription over the defendant's land located between the sixty-five feet dividing line and defendant's building, and extending back to the easterly wing of this building, and westerly of the sixty-five feet dividing line projected back to such wing, and thence between the twenty-nine feet dividing line and the wing of defendant's building, exists and is appurtenant to plaintiff's property.

Judgment may issue in favor of plaintiff restraining the defendant from interfering with the use of this right of way in accordance with plaintiff's prayers for relief.