## JENNIE L. CORNWALL
vs.
## THE VISITING NURSES ASSOCIATION OF NEW HAVEN, ET AL.

Superior Court      New Haven County      File #51074

Present:   Hon. CARL FOSTER, Judge.

Curtis K. Thompson,      Attorney for the Plaintiff.

O'Keefe & French;
The Corporation Counsel,   Attorneys for the Defendants.

### MEMORANDUM FILED JANUARY 4, 1937.

FOSTER, J.   The complaint purports to set up a cause of action against this defendant based on injuries received by the plaintiff by reason of natural snow and ice on a sidewalk in the City of New Haven adjoining real estate owned by this defendant.

The first ground of the demurrer attacks the complaint as

if the latter was based upon common law liability of this defendant. In paragraph "11" of the complaint it is specifically alleged that the action is based upon statutory liability and not upon common law liability.

In paragraph "2" of the demurrer appear two grounds.

It is claimed that this defendant is not statutorily liable to the plaintiff. **General Statutes, Section 1420** provides "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . ." This statute is broad. No distinction is made as to state, county, town, city, corporation or individual in determining the party bound to keep a road in repair.

**General Statutes, Section 1411,** is as follows: "Towns shall, within their respective limits, build and repair all necessary highways and bridges . . . except when such duty shall belong to some particular person . . ." The Statute lays a conditional duty and responsibility on towns. The Statute recognizes that the duty may devolve on "some particular person".

That the City of New Haven has the duty as to its streets that under the statute devolves upon the Town of New Haven —that the presence of snow and ice on a sidewalk may constitute a defect in the highway—may be assumed without stopping to cite the law.

Finally we are faced by a Special Act of the Legislature, passed in 1935, the pertinent part of which is as follows:

"Sec. 3. The duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner, and said city is authorized to make suitable ordinances relating thereto."

Here then we have **General Statutes, Section 1420**, giving the right of action; **General Statutes, Section 1411**, recognizing that a person, and not a town or city, may have the duty to repair highways; the Special Act, declaring that in New Haven such duty devolves upon the adjoining property owner; and paragraph "11" of the complaint claiming liability of this defendant under **General Statutes, Section 1420**.

The constitutionality of such statutes as the Special Act

here in question may not have been specifically raised in this State; nevertheless similar acts have been considered and allowed force by our courts.

**Wladyka vs. Waterbury, 98 Conn. 305; Krooner vs. Waterbury, 105 Conn. 476; Stevens vs. Nelligon, 116 Conn. 307.**

Moreover, "it is encumbent upon any Court, in the consideration of an attack upon the constitutionality of a legislative act, to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor and sustain the act unless its invalidity is clear." **The State vs. Muolo, 119 Conn. 323, 325.**

This demurrer has been argued both orally and by brief with thoroughness. While not overlooking various claims made by counsel for the plaintiff and this defendant I do not consider it expedient to discuss at length the claims made.

The demurrer is overruled on all grounds.

---

## DEMURRER

### of the Visiting Nurse Association of New Haven

The defendant, the Visiting Nurse Association of New Haven, demurs to the plaintiff's complaint on the following grounds:

1. The complaint does not allege that this defendant caused the defective, dangerous, uneven and slippery condition of the sidewalk referred to in paragraph 5 and 6 of said complaint, nor did it allege that this defendant placed or caused to be placed on said sidewalk, the accumulation of ice, snow and slush mentioned in said paragraph 5 and 6.

2. The defendant, the Visiting Nurse Association of New Haven is under no liability to the plaintiff by reason of the injuries alleged in the plaintiff's complaint, whether by virtue of statute or otherwise; and if any statute be considered to impose liability upon said defendant, the Visiting Nurse Association of New Haven, said statute is a violation of Article 1 of the Constitution of Connecticut, and particularly paragraph 1 and 12 thereof, and of the 14th amendment of the Constitution of the United States of America; and said statute is unreasonable, arbitrary, and void; and no liability to the

plaintiff for the facts alleged in the complaint results there-from.

The Visiting Nurse Association of New Haven.
THE DEFENDANT,

By Watrous, Hewitt, Gumbart & Corbin,
Its Attorneys.