[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 26, 1990, Plaintiff, Yale University School of Medicine/Office of Professional Services ("Yale University School of Medicine"), filed an amended complaint to recover payment for alleged medical treatment provided to defendant, Barbara Wurtzel. On August 7, 1990, the CT Page 4153 defendants, Richard and Barbara Wurtzel ("Wurtzels"), filed a revised counterclaim alleging that actions of the plaintiff constitute an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes 42-110b. In the first count of their counterclaim, defendant Wurtzels alleged in substance that the plaintiff failed to provide the medical services to defendant Barbara Wurtzel for which the plaintiff has billed the defendant. Defendants maintain in count one that the initiation of the lawsuit for services not provided by the plaintiff is an unfair trade practice in violation of CUTPA, Connecticut General Statutes 42-110b(a). In the second count of the counterclaim defendant Wurtzels allege that they relied upon certain false representations made by agents, employees, and/or representatives of the plaintiff regarding billing procedures, which caused the defendants to suffer a loss. In count three, which incorporates the second count, defendants allege a CUTPA violation based upon the alleged misrepresentations of the agents, employees, and/or representatives of the plaintiff regarding billing procedures.
The plaintiff moves to strike count one and count three of the defendants' revised counterclaim on the grounds they do not sufficiently allege a cause of action under CUTPA.
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "The court must construe the facts in the complaint most favorably to the [pleader]." Id. "The sole inquiry at this stage [of the pleadings] is whether the [pleader's] allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132 (Super. Ct. 1983).
Connecticut General Statutes 42-110b provides, in pertinent part, that:
 (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business.
CUTPA defines "trade" and "commerce" to include ". . .the distribution of any services. . ." Connecticut General Statutes 42-110a(4). The definition of "trade" and CT Page 4154 "commerce" under CUTPA does include the provision and sale of medical services. Stamford Hospital v. Farenga,2 CSCR 789 (July 6, 1987, Ryan, J.). CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 354 (1987). Plaintiff's Motion to Strike is predicated on the grounds,
 (1) defendants base their CUTPA claim upon a single isolation act; and
 (2) defendants fail to allege a CUTPA claim that demonstrates a nexus with the public interest.
Connecticut General Statutes 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." (emphasis added). In contrast, the regulatory principles enumerated in 42-110g(a) use the singular forms of the phrases method, act or practice. Allison v. Widder, 1 CTLR 100 (April 30, 1990, Cioffi, J.). Section 42-110g(a) provides that "[a]ny person who suffers any ascertainable loss. . .as a result of the use or employment of a method, act or practice. . .may bring an action to recover actual damages." (emphasis added). In its statutory interpretation, the court in Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) relied on the plural forms of the phrases "methods", "acts" and "practices" as provided in 42-110b(a). Duncan, 2 CSCR at 380. The Duncan court held that if the defendant's actions in the sale of a car were found to be a "single occurrence" then CUTPA would not apply. Id. at 379.
Other Connecticut courts, however, have interpreted the CUTPA statute as not requiring the litigant to allege more than a single transaction in a professional or business context. See Gibbs v. Southeast Investment Corp.,651 F. Sup. 1419 (D.Conn. 1987) (mobile homeowner sued lot owner for single violation of CUTPA); Petrone v. Melnick, 2 CTLR 54 (August 6, 1990, Klaczak, J.) (one-time sale of a single family home arranged by a real estate agency can be the subject of a CUTPA claim); Art Form, Inc. v. Overnite Transportation Co., 3 CSCR 190 (January 7, 1988, Leuba, J.) (CUTPA applies to a single incident of failing to honor a business transaction); Cardello v. Reves, 3 CSCR 466 (April 15, 1988, Walsh, J.) (single act of misrepresentation by real estate agent as to septic system may be actionable under CUTPA); Sadek v. Vitka, 2 CT Page4155 CSCR 876 (July 28, 1987, Reynolds, J.) (homeowner sued professional inspection service under CUTPA for a negligent inspection); and Judge v. Housemaster of America,2 CSCR 421 (March 9, 1987, Gill, J.) (CUTPA violation resulted from singular act of issuing a deceptive insurance policy). In Connecticut Light Power Co. v. Paonessa, 2 CSCR 160
(December 19, 1986, Koletsky, J.), the court held that the defendant, challenging a lawsuit to recover the value of services rendered, need not allege a general course of conduct to assert a legally sufficient CUTPA claim. Connecticut Light Power Co., 2 CSCR at 161.
A split of authority does exist in Connecticut regarding whether CUTPA applies to a single, private transaction "by a person not engaged in the business of making such transactions." Guastamachio v. United Laboratory, 4 CSCR 414 (April 24, 1989, Walsh, J.). Compare Basile v. Wozniak, 4 CSCR 403 (April 11, 1989, Leuba, J.) (CUTPA does not apply to a private sale of real estate); Bertrum v. Miller, 4 CSCR 244 (February 8, 1989, Pickett, J.) (the isolated purchase of a personal residence does not apply to a private sale of real estate); Bertrum v. Miller, 4 CSCR 244 (February 8, 1989, Pickett, J.) (the isolated purchase of a personal residence does not constitute a CUTPA claim if the persons are not acting in a professional or business context); and Keeler v. Deuth,3 CSCR 764 (September 2, 1988, Healey, J.) ("CUTPA does not apply to a private individual, one — time seller of a business. . .not in the business of selling businesses") with Jamison v. Artinian, 4 CSCR 387 (June 5, 1989, Hendel, J.) (CUTPA applies to single sale of property by person not engaged in real estate business); D'Agostino v. Exxon Corp., D.N. 098133, J.D. of Waterbury, Memorandum of Decision on Motion to Strike, January 3, 1989, Byrne, J. (CUTPA applies to private, one-time transaction by person not in such a transaction business); and Geltman v. Ciardiello, 3 CSCR 75 (November 23, 1987, Reynolds, J.) (one-time individual purchaser of real estate included under CUTPA).
Although a split of authority exists in Connecticut as to whether CUTPA applies to a single, private transaction, Gustamachio v. United Laboratory, 4 CSCR 414 (April 24, 1989, Walsh, J.), the Connecticut courts have recognized that a CUTPA claim based upon an allegation of a single unfair professional or business act sufficiently complies with the statutory requirements of CUTPA, see, e.g., Gibbs, 876. But see Duncan, 2 CSCR 379. In the instant case, the defendants allege that the actions of the plaintiff, a Connecticut corporation that provides and sells medical CT Page 4156 services, constitute unfair trade practices in violation of CUTPA. Thus, as count one and count three of the counterclaim concern litigants who allegedly acted in a deceptive professional context, the defendants' claim falls within the scope of the CUTPA statute and is therefore, legally sufficient.
In support of its position that a pleader must allege more than one isolated act in order to plead a CUTPA claim, the plaintiff cites Suburban Restoration Co., Inc. v. ACMAT Corp., 700 F.2d 98 (2nd Cir. 1983). In Suburban Restoration, the court interpreted CUTPA, in the absence of Connecticut precedent, as exempting from liability, activities excluded from the ambit of the Sherman Act by the "Noerr-Pennington" doctrine. Suburban Restoration,700 F.2d at 99. The "Noerr-Pennington" doctrine exempts from antitrust liability activities which attempt to influence legislative, executive, administrative or judicial action. Id. In Suburban Restoration, the court held that the filing of a single nonsham lawsuit, within the ambit of the "Noerr-Pennington" exception, does not constitute a CUTPA cause of action.
In the present action, the defendants' CUTPA claim, based upon the plaintiff's lawsuit for recovery of services not rendered, does not fall within the ambit of the "Noerr-Pennington" exception to CUTPA, as interpreted by the Suburban Restoration court. Unlike the lawsuit at issue in Suburban Restoration, the lawsuit which the present defendants challenge in their CUTPA count one does not attempt to influence legislative, executive, administrative or judicial action. The Suburban Restoration decision is factually distinguishable.
Plaintiff also challenges defendants' first and third counts of their counterclaim on the ground that the CUTPA claims do not assert any public interest that is "specific and substantial." In support of their position that the defendants must satisfy the public interest requirement the plaintiff cites Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528 (1983). In Ivey, the Connecticut Supreme Court held that "suits undertaken pursuant to CUTPA must demonstrate some nexus with the public interest." Ivey, 190 Conn. at 531. Subsequently in 1984, the Connecticut Legislature eliminated the public interest requirement in any action under CUTPA. Connecticut Public Acts No. 84-468, 2, 4 (effective June 8, 1984); Connecticut General Statutes 42-110g, 42-110m; Gibbs, 651 F. Supp. at 1420; Rotophone, Inc. v. Danbury Hospital, 13 Conn. App. 230, 233 (1988). As amended, 42-110g
CT Page 4157 specifically states, in pertinent part, that "[p]roof of a public interest or public injury shall not be required in any action brought under this section." The court may not apply this amendment eliminating the public interest requirement retroactively. Lembo v. Schlesinger, 15 Conn. App. 150,155 (1988). Therefore, claims based upon alleged unfair or deceptive acts occurring before June 8, 1984, require that the plaintiff demonstrate a nexus with the public interest, while claims premised upon acts occurring after that date do not. Rotophone, 13 Conn. App. at 233.
In the present action, the alleged unfair trade practices of the plaintiff, including the bringing of a lawsuit to recover payment for services not provided and misrepresentation of billing procedures, occurred after the June 8, 1984 effective date. Thus the defendants do not have to demonstrate a nexus between their CUTPA claim and the public interest, based on the amendment which eliminated that requirement.
Motion to strike is denied.
JOHN C. FLANAGAN, JUDGE