[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In recent years, Connecticut General Statutes 42-110b, otherwise known as CUTPA, has received a lot of attention. In a nutshell, "CUTPA is a consumer protection statute intended to provide an individual with an action more flexible and a remedy more complete than does common law," Sprayform, Inc. v. Durant's Rental Centers, Inc., 39 Conn; Sup. 78, 79 (Super.Ct. 1983). The scope of CUTPA should be determined by "`the gradual process CT Page 4031 of judicial inclusion and exclusion.'" Murphy v. McNamara,36 Conn. Sup. 183, 189 (Super.Ct. 1979) (quoting FTC v. R. F. Keppel Bros., Inc., 291 U.S. 304, 312 [1933].
The legislative intent of CUTPA, as expressed in Connecticut General Statutes 42-110b(a), is that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
 In determining whether a practice violates CUTPA, the court should employ these criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common laws, or otherwise — whether, in other words, it is within at least the penumbra of some common laws, statutory , or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].' (citations omitted).
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254
(1988).
A single act can constitute a CUTPA violation. Plaintiff is not required to plead or prove a series of acts or a pattern of action. In Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243 , 257 (1988), the court held that the defendant, mobil home park operators, violated CUTPA when it dismantled the plaintiff's mobile home instead of bringing a summary process action. In Hardy v. Griffin, 41 Conn. Sup. 283, 287 (1989), the court found that a single lease of a building containing lead paint is a CUTPA violation. The court found a CUTPA violation in Lembo v. Schlesinger, 15 Conn. App. 150, 154 (1988) when the defendant developers failed to return a $2,500.00 deposit for the purchase of a condominium (although the court denied the claim on other grounds). In Glenport Main Corp. v. Covelluzzi, 13 CLT 38, pp. 928-929 (Superior Court at Bridgeport, Burns, J., May 8, 1987), the court applied CUTPA to a counterclaim by defendants regarding a contract to sell real estate, by the plaintiff developer and to an allegation of slander of title when the contract was recorded on the land records by the plaintiff. Judge Walsh, in Cardello v. Reves, 14 CLT 24, p. 30 (Superior Court at New London, April 15, 1988), held that CUTPA applies to a single act of misrepresentation of the condition of a septic system in a real CT Page 4032 estate contract by a real estate agent, citing for authority Artform, Inc. v. Overnite Transportation Co., 14 CLT 11, p. 26 (January 7, 1988). And quite recently, Judge Flanagan in Yale University School of Medicine v. Wurtzel, 2 Ct. C R 636 (December 17, 1990) held that a single profession or business transaction could constitute a CUTPA violation and thus, the allegation that the hospital charged a patient for services not provided is sufficient to withstand a motion to strike. See also Petrove v. Melnik, 2 Ct. C R 54 (August 6, 1990, Klaczak, J.) ; Sadek v. Vitka, 2 CSCR 876 (July 28, 1987, Reynold, J.) CLP Co. v. Paonessa, 2 CSCR 160 (December 19, 1986, Koletsky, J.)
The issue then is not whether the litigant is required to allege more than a single transaction in a professional or business context, but whether CUTPA applies to a single private transaction "by a person not employed in the business of making such transactions." Guastamachio v. United Laboratory,4 CSCR 414 (April 24, 1989. Walsh, J.) There is very clearly a split of authority. Compare Basile v. Wozniak, 4 CSCR 403 (April 11, 1989, Leuba, J.) (CUTPA does not apply to a private sale of real estate): Bertrum v. Miller, 4 CSCR 244 (February 8, 1989, Pickett, J.) (the isolated purchase of a personal residence does not constitute a CUTPA claim if the persons are not acting in a professional or business context); and Keeler v. Deuth,3 CSCR 764 (September 2, 1988, Healey, J.) ("CUTPA does not apply to a private individual, one-time seller of a business . . . not in the business of selling businesses") with Jamison v. Artinian,4 CSCR 387 (June 5, 1989, Hendel, J.) (CUTPA applies to single sale of property by person not engaged in real estate business): D'Agostino v. Exxon Corp., D.N. 098133, J.D of Waterbury, Memorandum of Decision on Motion to Strike, January 3, 1989, Byrne, J. (CUTPA applies to private, one-time transaction by person not in such a transaction business); and Geltman v. Ciardiello, 3 CSCR 75 (November 23, 1987, Reynolds, J.) (one-time individual purchaser of real estate included under CUTPA).
The plaintiff herein argues that the terms of CUTPA are broad enough to cover the instant transaction and that the remedies provided by CUTPA should be available to them as a consumer despite the fact that the defendant is not in the trade or business of leasing homes. The defendant states, and it is not contested, that she, along with CBT as co-executors of the estate of Mrs. Knapp's mother, leased her mother's home to the plaintiff and further, that the estate is not engaged in the business of leasing, selling or renting commercial or residential property. Mrs. Knapp's rental of the house in question was the sum and substance of the estate's alleged "trade" or "commerce". Consequently, the defendant asserts that CT Page 4033 a single, private transaction by a person not engaged in the business of making such transaction will not support a claim under CUTPA.
This court agrees with the recent opinion by Judge Teller in Skinner v. Till, 3 Ct. L R 19 627 (May 6, 1991) and, the other courts that have concluded that CUTPA cannot be read to cover a single transaction between individuals which is not in the ordinary course of a trade or business. The intent of CUTPA is to punish those who conduct trade or business in an unscrupulous fashion.
In Keller v. Deuth, supra, the plaintiff had been the owner of a business which sold and distributed newspapers. The defendants bought this business from the plaintiff and, as part of the transaction, executed and delivered to the plaintiff a promissory note. The plaintiff subsequently brought suit to enforce the note and the defendants counterclaimed under CUTPA alleging material misrepresentations by the plaintiff. In granting the plaintiff's motion to strike these CUTPA claims, the court cited to the Supreme Judicial Court of Massachusetts which addressed the Consumer Practices Act, substantially identical to CUTPA:
 "The crucial issue in this case is whether CUTPA applies to a private, individual, one-time seller of a business when that person is not in the business of selling businesses. . . . [T] he basic policy of [CUTPA] `was to regulate business activities with the view to providing . . . a more equitable balance in the relationship of consumers to persons conducting business activities.' . . . [T]he effect of applying [CUTPA] to a one-shot deal such as this would `give superior rights to only one of the parties, even though as nonprofessionals both stand on an equal footing.'" Id. at 764.
And, the Attorney General for the State of Connecticut has advocated this position, arguing in an amicus brief that "[a] CUTPA action may not be maintained against individuals who are not acting in a professional or business context, in the isolated purchase of a personal residence (quoted with approval in Bertrum v. Miller, supra, 4 CSCR at 245).
The same reasoning applies here where we are faced with the admittedly isolated, one-time rental of a personal residence by an individual not engaged in the business of renting or leasing property. Inasmuch as CUTPA expressly defers to the Office of Attorney General for certain decisions of public protection CT Page 4034 (Connecticut General Statutes Ann. Sections 42-110d(d) and42-110m), the opinion of that office should be accorded considerable weight on this issue.
In conclusion, and in accordance with the discussion contained herein, the Motion to Strike Count Six is granted.
Katz, J.