[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #102
On January 29, 1993, the plaintiff, RLG Associates, Ltd. (RLG), filed a six count complaint against the defendants, Gardner Peterson Associates (Gardner) and John Ianni. On February 16, 1993, the defendant Gardner filed a motion to strike the sixth count of the plaintiff's complaint which alleges that Gardner violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes section 42-110a et seq. Gardner also moves to strike those portions of the plaintiff's prayer requested pursuant to CUTPA.
In the sixth count of their complaint, RLG alleges that Gardner contracted to select and test soil fill, to maintain records thereof and to keep a full time inspector at a construction site. RLG further alleges that Gardner failed CT Page 4668 to conduct adequate tests, failed to maintain records and did not hire a full time inspector. RLG alleges that Gardner's actions or inactions resulted in unsuitable fill being placed at the site which had to be removed and replaced causing RLG damages. The plaintiff alleges that Gardner's actions or inactions constitute a CUTPA violation.
In accordance with Practice Book section 155, the defendant filed a memorandum of law in support of its motion to strike and the plaintiff filed a timely memorandum in opposition.
DISCUSSION
A motion to strike is the proper vehicle to challenge the legal sufficiency of a special defense. Practice Book Section 152(5). In ruling upon a motion to strike, the Court is limited to the facts alleged in the pleading which is the subject of the motion to strike, and must view those facts in the light most favorable to the pleader. Ferryman v. Groton,212 Conn. 138, 146, 561 A.2d 432 (1989). Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988);
In the memorandum in support of its motion to strike, Gardner argues that the sixth count of plaintiff's complaint is legally insufficient because (1) RLG failed to allege sufficient facts to constitute a CUTPA violation, (2) RLG's allegation of breach of contract will not support a CUTPA claim, and (3) isolated instances of conduct are insufficient to state a CUTPA claim.
In determining whether a practice violates CUTPA, the following criteria are used:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, common law or otherwise — whether, in other words, it is within at last the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." CT Page 4669
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,254, 550 A.2d 1061 (1988). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one criteria or because to a lesser extent it meets all three. Thus, a violation of CUTPA may be established by showing an actual or deceptive practice." Citations omitted). Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105, 612 A.2d 1130 (1992). With respect to the third criteria, a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury. McLaughlin Ford, Inc., v. Ford Motor Co., 192 Conn. 558,566-67, 473 A.2d 1185 (1985).
(1) Factual Allegations:
The defendant first argues that count six is legally insufficient because the plaintiff failed to allege sufficient facts to state a CUTPA cause of action.
In construing the facts in the view most favorable to the pleader, the Court finds that Gardner's actions or inactions may be considered deceptive, a deceptive practice or unscrupulous in that had RLG not discovered the alleged nonperformance or deficiencies, the unsuitable fill would have remained and RLG paid for services not performed. Thus, the Court finds that the Plaintiff's allegations are sufficient to support a CUTPA claim.
(2) Breach of Contract:
The defendant next argues that count six is legally insufficient because RLG has alleged a breach of contract which, Gardner argues, is insufficient to support a CUTPA claim.
The Court finds the defendant's argument to be without merit. This is so because the Appellate Court recently held that the same facts that establish a breach of contract claim may be sufficient to support a CUTPA claim. Lester v. Resort Camplands International, Inc., 27 Conn. App. 59, 71,605 A.2d 550 (1992).
(3) Isolated Instances of Conduct: CT Page 4670
The defendant next argues that count six is legally insufficient because an allegation of an isolated act of misconduct is insufficient to support a CUTPA claim.
Because of the introductory language of section42-110b(a), which refers to the plural "unfair methods of competition and unfair or deceptive acts or practices," and42-110g(a), which refers to the singular "method, act or practice," there is a split in the superior courts, as yet unresolved by an appellate tribunal, as to whether a single act can constitute a CUTPA violation. However, the majority of superior court decisions have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action, see Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 107, 108 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr. 450, 451 (March 12, 1991, Aaronson, J.); Ransam v. Amerilink Ltd.,3 Conn. L. Rptr. 491 (April 8, 1991, Dranginis, J.); Allison v. Widder, 1 CTLR 100 (April 30, 1990, Cioffi, J.); Judge v. Housemaster of America, 2 CSCR 421 (March 9, 1987, Gill, J.); Student v. Cardascio, 2 CSCR 382 (March 3, 1987, Reynolds, J.); Connecticut Light Power Co. v. Paonessa, 2 CSCR 160
(December 19, 1986, Koletsky, J.), and Thompson v. Colasanto,2 CSCR 229 (December 8, 1986, Goldstein, J.). But see Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business advice.")
While I agree with Judge O'Neill's reasoning, I have concluded that our appellate courts are not apt to adopt that reasoning and will, in fact, apply the law to isolated incidents.
For all of the reasons set forth, the motion to strike is denied.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court CT Page 4671