[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT ANTONIO CRESPO'S MOTION TO STRIKE
The plaintiff operates a brokerage business and the defendant corporation operates a liquor store in Berlin, CT Page 10859 Connecticut. The defendants Antonio Crespo and Fernando Crespo are brothers and were officers in the corporation.
The defendant corporation entered into a listing agreement with the plaintiff corporation and Fernando Crespo, though not Antonio Crespo, signed that agreement guaranteeing the obligations of the defendant corporation.
The store was eventually sold to Antonio Louro and neither that gentleman nor the defendant corporation nor the Crespos have paid the plaintiff corporation a commission for the sale of the store.
A motion to strike two counts of the complaint have been filed by the defendant Antonio Crespo. Such a motion admits facts well pleaded but not legal conclusions. The inquiry before the court is whether the plaintiff's allegations if proved state a cause of action, McAnerny v. McAnerny, 165 Conn. 277, 282 (1973), Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
 I.
The defendant Antonio Crespo has filed a motion to strike the first count alleging that he violated the terms of a written listing agreement between the plaintiff corporation and defendant corporation.
From the plaintiff's own pleadings and the Exhibit attached to the complaint, it is apparent that Antonio Crespo was not a party to the contract nor, like his brother, was he alleged to have signed the contract as a guarantor of the defendant corporation's performance. As noted by the defendant there is no allegation in this case that the corporate veil should be pierced and that Antonio Crespo should otherwise lose the protections against liability he would otherwise have in this type of business situation. The defendant's motion to strike the first count is granted.
 II.
The defendant, Antonio Crespo, also moves to strike the fifth count alleging a CUPTA violation regarding the way this business was sold. The complaint alleges the CT Page 10860 Crespos and the purchaser entered into a conspiracy to avoid the terms of the agreement and deprive the plaintiff corporation of the commissions the plaintiff corporation were entitled to.
The defendant argues that CUPTA should not apply to a one time sale of a liquyor [liquor] store by an individual where there is no allegation that that individual is in the business of selling liquor stores. The opinion of then Judge now Justice Katz is instructive on this issue. McCarthy v. Fingelly et al, 4 Conn. L. Rptr. 177 (1991). A single act can constitute a CUPTA violation and it has been so held. Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 257 (1988), Hardy v. Griffin, 41 Conn. Sup. 283,281 (1989), Lembo v. Schesunger, 15 Conn. App. 150, 154
(1988), Glenport Main Corp. v. Covelluzzi, 13 CLT No. 38 pp 928-929, Cardello v. Reves, 14 CLT No. 24, p. 30, Artform Inc. v. Overnite Transportation Co., 14 CLT No. 11 p. 26, Yale University School of Medicine v. Wurtzel,2 Conn. L. Rept. 813 (1991). In all of these cases the defendants were a company or individual engaged in the ongoing business activity which formed the basis of the suit and the CUPTA violation.
This latter consideration puts the observation made in McCarthy in proper legal context; there the court pointed out that "the issue is not whether the litigant is required to allege more than a single transaction but whether CUPTA applies to a single private transaction `by a person not employed in the business of making such transactions.'" There is a split of authority on this issue. Compare Banaco et al v. Ethel Allan Inc., 6 Conn.L.Rptr. 176 (1992) with Jamison v. Artinian, 4 CSCR 387 (1989). To determine whether CUPTA should apply to this case requires an understanding of the purposes sought to be achieved by the act. CUPTA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is a part of that business.
In Keeler v. Deuth, 3 CSCR 704 (1988) Judge Healey referred to the Massachusetts Consumer Practices Act, M.G.L.A.C. 93 A, 1 et seq. He found that state's law is substantially the same as our CUPTA. In Lanther v. Carson,373 N.E.2d 973 (1978) the court stated that the basic policy of the Massachusetts act was "to regulate business CT Page 10861 activities with a view to providing . . . a more equitable balance in the relationship to persons conducting business activities," id. at page 977.
CUPTA should not apply "to a private, individual one time seller of a business when that person is not in the business of selling a business." Keller v. Deuth. supra at page 764.
The court believes the analysis must go further in light of the purposes of CUPTA. It is not so much a question as to whether in an admittedly business context two private individuals are engaged in the transaction. There, of course, must be a business transaction but the CUPTA claim should only be viable in a single transaction situation if the party against whom it is made is in the business of entering into transactions of the type that is at issue. This is the implication of language in Lanther v. Carson, supra where in refusing to apply the Massachusetts version of CUTPA to a sale by an individual homeowner to another individual, the court said:
 Both parties have rights and liabilities established under common law principles of contract, tort, and property law. Thus arming the `consumer' in this circumstance does not serve to equalize the position of buyer and seller. Rather, it serves to give superior rights to only one of the parties, even though as non-professionals both stand on an equal footing." Lanther v. Carson, supra at page 97.
Here we have a plaintiff business involved in a real estate transaction, its business making a claim under CUPTA against an individual engaged, from all that the pleadings show, in the one time sale of his business. It would be an odd interpretation of CUPTA to provide its remedies here to the only professional entity engaged in the transaction. There is no need to "arm" this type of "consumer" in order to equalize the positions of buyer and seller" in transactions of this type.
This type of analysis explains the many cases previously cited which do in fact apply CUPTA to cases involving a single act or transaction. As previously CT Page 10862 noted, those cases involved situations where the entity or person against whom the CUPTA claim was made was in fact engaged in the type of business involved in the transaction under question.
The motion to strike should also be granted as to this count.
Gilman Marks for plaintiff.
Phelon, Squatrito Fitzgerald for defendants.