[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present dispute arises out of a business arrangement between the plaintiff, Mayer-Wittmann Joint Ventures, Inc., and the defendant, Gunther International, Ltd. (Gunther). Gunther hired the plaintiff to assist it in both managing and recapitalizing the corporation. According to the plaintiff, the parties reached an agreement, which was reduced to writing, regarding calculations for the plaintiff's compensation. The plaintiff brings the present action because Gunther has allegedly failed to honor the terms of that agreement.
On October 27, 1993, the plaintiff filed a five count complaint against Gunther. Counts one and two sound in breach of contract. Count three alleges unjust enrichment; count four alleges estoppel; and count five alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-100b. In addition, in the prayer for relief, the plaintiff seeks attorney's fees and punitive damages.
On June 28, 1994, Gunther filed motion #118 to strike count four on the ground that estoppel, as pleaded, is not a cause of action. Gunther also seeks to strike count five on the grounds that: (1) the business transaction between the plaintiff and CT Page 10710 Gunther does not fall under CUTPA; and (2) CUTPA does not apply to an employer-employee relationship. In addition, Gunther moves to strike the claims for attorney's fees and punitive damages on the ground that if count five is stricken, there is no basis for such relief.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Sys., Inc. v. BOC Group, Inc.,224 Conn. 211, 214-15, 618 A.2d 25 (1992). Pursuant to Practice Book § 152, the motion to strike may be used to test the sufficiency of a prayer for relief. In considering a motion to strike "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Sys., Inc. v. BOC Group, Inc., Id. The court, however, is limited to considering the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
I. Count Four.
In its memorandum in support of its motion to strike, Gunther argues that count four of the plaintiff's complaint is not based on promissory estoppel, which it admits is a cause of action. Rather, Gunther argues that by alleging that it is estopped from contesting the fairness of the fee, the plaintiff has pleaded estoppel. Gunther contends that estoppel is not a cause of action, but a defense. In response, the plaintiff dos [does] not dispute the validity of Gunther's distinction between promissory estoppel as a cause of action and estoppel as a defense. Instead, the plaintiff argues that it has pleaded a cause of action for promissory estoppel.
"[U]nder the doctrine of promissory estoppel, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." (Internal quotation marks omitted.) D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School, 202 Conn. 206, 213, 520 A.2d 217 (1987). In contrast, "[t]he doctrine of estoppel . . . is a weapon of defense and not offense. Its sole function is to prevent [the defendant] from enforcing a legal right against another when in good conscience he should not be allowed to do so." (Internal quotation marks omitted.) Whalers Point Associates Ltd.Partnership v. Willis, 2 Conn. L. Rptr. 728, 729 (October 25, 1990, CT Page 10711 Berdon, J.).
In count four, the plaintiff alleges that it provided substantial services to Gunther; that Gunther was aware of the fee the plaintiff expected for its services; and that, during the performances of the services, Gunther's board of directors adopted a resolution accepting the proposed fee. The plaintiff then asserts that, based on those facts, Gunther is estopped from contesting the fairness and reasonableness of the fees. The plaintiff has not pleaded detrimental reliance on a promise by Gunther. Count four seeks to prevent Gunther from raising an issue — the fairness of the fee arrangement. Count four does not state a legally sufficient claim based on promissory estoppel. Therefore, Gunther's motion to strike count four is granted.
II. Count Five.
Gunther offers two bases for striking count five. First, Gunther argues that CUTPA does not apply to a single transaction by a person who is not normally in the business of making such transaction. According to Gunther, its transaction with the plaintiff, in which Gunther obtained managerial guidance and a recapitalization plan, is not the sort of business Gunther normally engages in. In addition, Gunther argues that the alleged CUTPA violation did not occur in the course of trade or commerce as required by the statute and that the plaintiff has not alleged that it was a consumer. According to Gunther, the acts occurred during the plaintiff's employment by Gunther.
In response, the plaintiff argues that its use of the word employment in the complaint does not mean that an employment relationship existed. Rather, it argues that it has alleged that it is a corporation hired by Gunther to provide services. In addition, the plaintiff argues that as a corporation, Gunther is in the business of raising money by issuing stock. The plaintiff argues that in this instance, the plaintiff was hired to help Gunther raise money by issuing stock. The plaintiff argues that Gunther's acts are unethical and constitute a violation of CUTPA. The plaintiff also argues that CUTPA may apply to a single transaction.
Courts have found that a single act may constitute a violation of CUTPA. See McCarthy v. Fingelly, 6 CSCR 623 (May 29, 1991, Katz, J.). (court lists case in which single act was found to be a basis for CUTPA). Nevertheless, there is a split in the Superior CT Page 10712 Court concerning whether CUTPA applies to a single transaction by an individual who does not regularly engage in such a transaction in the course of business. Id. (listing cases evidencing split of authority). One court confronted with a single transaction, reasoned that since "CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is a part of that business," the central issue in determining whether CUTPA should apply is whether "the party against whom [the CUTPA claim] is made is in the business ofentering into transactions of the type that is at issue." (Emphasis added.) Larson Skiba v. C C Package Store, 9 CSCR 62
(December 13, 1993, Corradino, J.).
In applying this analysis to the present action, the court must determine how to characterize the transaction at issue. Gunther argues that it is not in the business of acquiring services such as the plaintiff's. The plaintiff argues that one of a corporation's normal activities is to raise capital and that this was the service the plaintiff provided. As the complaint is written, while the plaintiff appears to be in the business of providing the services at issue, Gunther is not in the business of reorganizing and restructuring its debt. Accordingly, CUTPA does not apply to the transaction and therefore Gunther's motion to strike count five is granted.
Since Gunther's motion to strike is granted on the ground that CUTPA does not apply to this transaction, the other bases for the motion to strike is not addressed.
III. Prayer for Relief
Gunther argues that the claims for punitive damages and attorneys' fees should be stricken, if counts four and five are stricken because the CUTPA claim is the sole basis upon which the plaintiff could obtain either type of relief. The plaintiff argues in response that its claim is legally sufficient and therefore the claims for relief may stand.
"The motion to strike a prayer for relief should be granted if the relief demanded does not correspond to the allegations of the complaint." Lessler v. Sundwall, Superior Court, Judicial District of Litchfield, Docket No. 055578 (March 9, 1994, Pickett, J.), citing Van Epps v. Redfield, 68 Conn. 39, 45, 35 A.2d 809 (1986). "The general rule of law . . . is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the CT Page 10713 successful party absent a contractual or statutory exception."Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652, 529 A.2d 702
(1987). In addition, "[p]unitive damages are not ordinarily recoverable for breach of contract." Triangle Sheet Metal Works,Inc. v. Silver, 154 Conn. 116, 127, 222 A.2d 220 (1966). Rather, punitive damages in a contract action are only awarded for tortious conduct, "alleged in terms of wanton and malicious injury, evil motive and violence. . . ." L. F. Pace Sons, Inc. v. TravelersIndemnity Co., 9 Conn. App. 30, 48, 514 A.2d 766 (1986).
In the present case, the plaintiff has not alleged any tortious conduct on the part of Gunther. Accordingly, there is no basis for awarding attorney's fees or punitive damages. Therefore, Gunther's motion to strike the claims for punitive damages and attorney's fees from the prayers for relief is granted.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of October, 1994.
WILLIAM BURKE LEWIS, JUDGE