[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Advest, Inc., brings this lawsuit against the defendant Carvel Corporation in six counts essentially alleging CT Page 12746 breach of contract and violation of Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110, et seq. Carvel has filed a motion to strike Advest's CUTPA claim and an apparent breach of contract claim which comprise counts three and six of the amended complaint. In accordance with the allegations set forth in the amended complaint, Advest's claims arise out of a written agreement between the parties wherein Carvel agreed to engage Advest as its exclusive agent for the purpose of structuring and placing all debt issued by Carvel for a period of two years. (First Count, ¶ 3.) In return, Carvel agreed to pay Advest an investment banking fee plus reasonable expenses based on the percentage of the debt placed by Advest. (First Count, ¶¶ 4-6.) Although Carvel consummated $27 million ($27,000,000) dollars in financing with Chase Bank whereby Carvel issued notes and/or similar securities of the kind contemplated by Advest and Carvel under their agreement, Carvel did not pay Advest its contractual investment banking fee. (First Count, ¶¶ 10-12.)
 I.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ."Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see Emerick v. Kuhn, 52 Conn. App. 724, ___ A.2d ___ (1999). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint", Faulkner v.United Technologies Corporation, 240 Conn. 576, 693 A.2d 293
(1997), "must take as true the facts alleged . . . and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Peter-Michael, Inc. v. Sea Shell Associates, supra,244 Conn. 270.
 II.
General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "Trade" and "commerce" are defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal CT Page 12747 or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
Although "[t]here is a split of authority in the Superior Court over whether or not CUTPA requires that there be more than one allegation of wrongdoing . . . the majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. . . ." (Citations omitted; internal quotation marks omitted.) Underwriters Support Group, Inc. v. Fortis, Superior Court, judicial district of New Britain at New Britain, Docket No. 487732 (May 7, 1999, Robinson, J.); see Messler v.Barnes Group, Superior Court, judicial district of Hartford at Hartford, Docket No. 560004 (February 1, 1999, Teller, J.) (motion for summary judgment denied because "defendant has not established that a single transaction cannot form the basis for a CUTPA action as a matter of law"). "[U]sually, [however,] when CUTPA is held to apply to a single transaction the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation. . . . The split in authority is focused on whether CUTPA applies to a single private transaction by one who is not in the business of making such transactions. . . ." Jokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.) "[W]hether [a] plaintiffs complaint actually alleges a single violation or whether it is based on numerous violations is of no import . . . [for purposes of finding a CUTPA violation]." Underwriters Support Group, Inc. v.Fortis, supra, Superior Court, Docket No. 487732.
"Cases decided by the United States District Court for the District of Connecticut have held that where the actions of the defendant are incidental to its primary business, it cannot be liable under CUTPA." Feen v. Benefit Plan Administrators, Superior Court, judicial district of New Haven at New Haven, Docket No. 406726 (January 13, 1999, Devlin, J.) (finding that alleged wrongful activity was "incidental to [the defendant's] primary business activity . . . and that CUTPA, therefore, is not applicable"); see Cornerstone Realty, Inc. v. Dresser Rand Co.,993 F. Sup. 107, 113 (D. Conn. 1998) ("a CUTPA violation may not arise out of conduct that is merely incidental to the performance of one's trade or commerce"); Sealy Connecticut, Inc. v. LittonIndustries, Inc., 989 F. Sup. 120, 127 (D. Conn. 1997) ("CUTPA does not encompass [activity] incident to a defendant's [primary business] operations"); Brandewiede v. Emery Worldwide, 890 CT Page 12748 F. Sup. 79, 81 (1994) ("there is no viable claim under CUTPA when the practice complained of is incidental to the true trade or business conducted"); Arawana Mills Co. v. United TechnologiesCorp. , 795 F. Sup. 1238, 1253 (D. Conn. 1992) (a defendant's actions which are "incidental to the conduct of its true business" do not fall within the meaning of "trade or commerce" for purposes of CUTPA).
In addition to Feen v. Benefit Plan Administrators, supra, Superior Court, Docket No. 406726, many Connecticut cases have expressly adopted the federal District Court's analysis. See, e.g., Abely Waste Oil v. Ravenswood Development Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 369487 (September 15, 1995, Hartmere. J.) (defendant's conduct which is "merely incidental to the primary trade of the defendant" does not give rise to a viable CUTPA claim); Barnes v.General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529354 (July 25, 1995, Hennessey, J.) ("[T]he plaintiffs' allegations of the defendants' [actions] . . . are merely incidental to the primary trade or commerce of the defendants. Therefore, a CUTPA claim based on such alleged conduct is not viable against the defendants."); Mantie v. The Inn at Manchester, Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 058009 (January 9, 1997, Hammer, J.) ("the plaintiff cannot claim that the conduct complained of . . . was directly related to [the defendant's] principal business activity rather than being merely incidental to it, or . . . totally unrelated to its true business").
With respect to single acts of misconduct which occur in the course of a defendant's primary business, additional Connecticut courts have come to a similar conclusion as the federal District Court. "Where . . . the single act complained of is alleged to have been committed by a business person in the course of a transaction which was a part of his or her business . . . such an act may form a basis of a CUTPA claim. . . ." (Citations omitted.) L. Suzio Construction Co. v. Citizen's Bank ofConnecticut, Superior Court, judicial district of New Haven at New Haven, Docket No, 398079 (August 7, 1998, Silbert, J.); seeGlaser Realty Associates v. Joshua Morris Publishing, Inc., Superior Court, judicial district of Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.) ("[u]sually when CUTPA is held to. apply to a single transaction, the defendant is an entity or an individual engaged in a business activity which is at the CT Page 12749 heart of the complaint and alleged violation"); Nathan v.Marcinkeviciene, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560919 (March 7, 1997, Hennessey, J.) (plaintiffs CUTPA claim cannot stand because plaintiff failed to allege that action complained of occurred as a part of the defendant's primary business); Heyman Associates #1v. United Technologies Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289456 (February 16, 1993,Stodolink, J.) (plaintiffs failed to allege a legally sufficient CUTPA claim where "the alleged unlawful and deceptive acts [of mishandling hazardous substances] were not done in the conduct of the defendants trade or commerce" as the defendant was "not in the trade or business of being a lessee").
The case of Mayer-Wittman Joint Ventures, Inc. v. GuntherInternational, Ltd., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 134790 (October 21, 1994, Lewis, J.), is of particular interest. The relevant facts in Mayer-Wittman appear to be quite similar to those in the present case. In Mayer-Wittman, the defendant hired the plaintiff "to assist it in . . . recapitalizing the corporation. According to the plaintiff the parties reached an agreement, which was reduced to writing, regarding the plaintiffs compensation. The plaintiff [sued] the defendant because [the defendant] . . . allegedly failed to honor the terms of the agreement." Id. The court applied the following principle to its analysis: "[T]he central issue in determining whether CUTPA should apply is whether `the party against whom [the CUTPA claim] is made is in the business of entering into transactions of the type that is at issue.' Larson Skiba v. C C Package Store, 9 CSCR 62 (December 13, 1993, Corradino, J.)." (Emphasis added.) Id. TheMayer-Wittman court ruled that, "[a]s the complaint is written, while the plaintiff appears to be in the business of providing the services at issue, [the defendant] is not in the business of reorganizing and restructuring its debt. Accordingly, CUTPA does not apply to the transaction and therefore [the defendant's] motion to strike [the CUTPA claim] is granted." Id.
Advest directs the Court's attention to a split of authority concerning single acts, and cites to a line of cases which have held that such acts violate CUTPA. Although the cases cited by Advest may be authority for the proposition that CUTPA does apply to single acts, they are distinguishable. The alleged acts in those cases typically center around the sale, rental or lease of real estate, or sale of a business — acts which more CT Page 12750 persuasively fall within the definition of trade or commerce under CUTPA. The split of authority over whether a single act violates CUTPA is most often found in cases which involve an isolated real estate transaction, or sale of business, by a private individual while the instant case involves the alleged breach of a debt restructuring agreement.[1]
More importantly, Advest fails to distinguish between a single act which occurs during the course of a defendant's primary business, and a single private transaction by one who is not in the business of making such transactions. In fact, the cases cited to by Advest provide support for the primary business analysis because the single acts involved therein occurred within the course of the defendant's primary business.[2] The court finds that the line of state and federal cases which focuses on whether the alleged acts occurred as a part of a defendant's primary business is most applicable to the present action. Thus, Advest's argument in its opposition to Carvel's motion to strike is misguided. The issue in this case is not whether CUTPA applies to single acts, rather, the issue is whether the alleged single act in this case constitutes "trade or commerce" within the meaning of CUTPA.
The present action is even further removed from CUTPA application than both the real estate transaction/sale of business and "primary business" cases. In addition to the fact that this action is based upon a contract which did not involve a real estate transaction or a sale of a business, and the contract was not entered into as a part of Carvel's primary business,[3]
it is significant that Carvel was to be the recipient of services under the contract, not the offeror. See General Statutes §42-110a (4). Advest has failed to allege that Carvel is in the debt restructuring business, or that Carvel's actions in accepting Advest's services constituted "trade or commerce" on the part of Carvel, within the meaning of CUTPA. Advest has not alleged that Carvel's alleged acts constitute the advertising, sale or rent or lease, the offering for sale or rent or lease, or distribution of, any "service," "article," "property" or "commodity." Rather, the facts as alleged in the complaint appear to establish that Carvel was the recipient of services, not the provider.
Advest has failed to allege sufficient facts to support its CUTPA claim. Accordingly, Carvel's motion to strike count three of the complaint is granted. CT Page 12751
 III.
Count six of the complaint, when construed most favorably to Advest, is not viewed as an unjust enrichment cause of action "in disguise," rather, it is viewed as a possible breach of contract claim.[4] As such, the elements of count six should have been pleaded in count one of Advest's complaint, which count sets forth Advest's general breach of contract claim in detail. At best, count six is duplicative of count one.
Accordingly, Carvel's motion to strike counts three and six of the complaint is granted.
Peck, J.